[No. 12564–1–II.   Division Two.   March 27, 1990.]

IVAN D. JOHNSON, ET AL, *Respondents,* v. CONTINENTAL
CASUALTY COMPANY, *Appellant.*

*Albert O. Prince, Karen K. Greig,* and *Foreman, Kraft & Prince,* for appellant.

*Patrick C. Comfort* and *Comfort & Smith,* for respondents.

WORSWICK, J.—Continental Casualty Company appeals a summary judgment requiring it to pay the fees of the attorney Ivan Johnson independently hired in a professional negligence action. We reverse and direct the entry of summary judgment for Continental.

Continental issued a legal professional's liability policy to Johnson, an attorney. The policy excluded coverage for "any dishonest, fraudulent, criminal, or malicious act or omission of the insured." In the underlying action, Joan Tice sued Johnson for negligence but also alleged, among other things, that Johnson had suborned perjury.

Continental referred Johnson's defense to Robert Thomas of Lane Powell Moss & Miller, indicating, however, that it would defend under a reservation of rights because some of the allegations, if proved, would be covered and some would not. In a letter to Johnson, Continental suggested that, because the policy had a $250,000 liability limit and the damages claimed were unspecified, he might want to retain counsel at his own expense for protection of his interests beyond that limit. Johnson retained Patrick Comfort; Comfort in turn notified Continental that, in his opinion, Continental was responsible for his fees.

Johnson brought this declaratory action, praying that Continental be required to pay the fees of Comfort, whom he had retained to represent him on noncovered claims, or that Continental be required to defend him without reservation of rights. In due course, the parties filed cross motions for summary judgment.

Meanwhile, Thomas, with Johnson's knowledge and consent, negotiated a settlement of the underlying action. Continental paid the entire amount of the settlement ($20,000), and that action was dismissed. The trial court in the declaratory action then granted Johnson's and denied Continental's summary judgment motion. By the order, Comfort was "appointed" Johnson's attorney, and Continental was ordered to pay Comfort's fees because Johnson was not found liable for any noncovered claim.[1]

Johnson contends essentially that when an insurer defends under a reservation of rights, a conflict of interest automatically arises requiring that the insurer pay for independent counsel chosen by the insured. Continental contends that no such conflict necessarily arises, that there was none in this case, and that Johnson is responsible for the fees he incurred to protect his noninsured interests. *See Farmers Ins. Co. v. Rees*, 96 Wn.2d 679, 638 P.2d 580 (1982). We agree with Continental.

Johnson relies on California authority.[2] The rule in Washington, however, is not that a conflict arises automatically in these cases, but that an insurer, defending under a reservation of rights, has an "enhanced obligation of fairness toward its insured." *Tank v. State Farm Fire & Cas. Co.*, 105 Wn.2d 381, 383, 715 P.2d 1133 (1986). The obligation comes about because of "[p]*otential* conflicts between the interests of insurer and insured, inherent in a reservation of rights defense, . . .". (Italics ours.) *Tank*, 105 Wn.2d at 383. In other words, no actual conflict of interest necessarily exists in a reservation of rights defense. In fact,

---

[1] Johnson concedes that this "appointment" was superfluous.

[2] *San Diego Navy Fed. Credit Union v. Cumis Ins. Soc'y, Inc.*, 162 Cal. App. 3d 358, 208 Cal. Rptr. 494 (1984) (if insured does not give informed consent to representation by counsel hired by insurer, then insurer pays reasonable fees of insured's independently hired attorney when conflict of interest exists in that multiple theories are alleged, some within and some outside the scope of coverage).

such a defense is frequently a "valuable service to the insured." *Tank,* 105 Wn.2d at 390.

Nonetheless, an insurer must fulfill this "enhanced obligation of fairness" in a reservation of rights defense by meeting specific criteria: (1) the company must thoroughly investigate the claim; (2) it must retain competent defense counsel for the insured, and both retained defense counsel and the insurer must understand that only the *insured* is the client; (3) the company must inform the insured of the reservation of rights defense and *all* developments relevant to policy coverage and progress of the lawsuit; (4) the company must refrain from any activity that would show a greater concern for its monetary interest than for insured's financial risk. *Tank,* 105 Wn.2d at 388.

Moreover, specific criteria must be met by the defense counsel hired by the insurer. First, the attorney must understand that he represents the insured, not the company.[3] Second, the attorney owes an ongoing duty to the insured to disclose (1) conflicts of interest under RPC 1.7; (2) all information relevant to the insured's defense; and (3) all offers of settlement as they are presented. *Tank,* 105 Wn.2d at 388–89.

None of the materials Johnson submitted to the court shows any facts supporting his allegation of conflict of interest.[4] Johnson's affidavit in support of summary judgment only asserts, "I feel that the refusal of the defendant to provide coverage for certain of the above referenced claims creates a conflict of interest for the attorney selected by the defendant to defend against the above referenced claims." Such bare allegations are not sufficient to raise a

---

[3]As the *Tank* court noted, this obligation stems from an attorney's obligation under RPC 5.4(c) not to "permit a person who recommends, employs, or pays the lawyer to render legal services for another to direct or regulate the lawyer's professional judgment in rendering such legal services." *Tank,* 105 Wn.2d at 388. *See also* RPC 1.8(f).

[4]Johnson's original memorandum in support of his motion for summary judgment, filed 2 months after the Supreme Court decided *Tank,* does not refer to that case.

genuine issue of material fact for the purpose of a summary judgment motion. *Meissner v. Simpson Timber Co.,* 69 Wn.2d 949, 955, 421 P.2d 674 (1966).

On the contrary, the record shows that Continental complied with the criteria announced in *Tank.*[5] Continental's reservation of rights letter and the documents concerning settlement reveal that a full investigation of the claim was made. The firm Continental employed to defend Johnson stayed fully in touch with him, and cooperated with and provided materials to his independent attorney, Comfort. Moreover, that firm ultimately settled the underlying claim with Johnson's knowledge and consent and for his benefit. There was no showing that Continental acted in its own monetary interests to Johnson's detriment, or that the attorney hired for Johnson did not inform or disclose as required.

In Washington, there is simply no presumption, as Johnson urges, that a reservation of rights situation creates an automatic conflict of interest. Therefore, the insurer has no obligation *before the fact* to pay for its insured's independently hired counsel. Any breach of the "enhanced obligation of fairness" in a reservation of rights situation might lead to after–the–fact liability of the insurer, retained defense counsel, or both. *Tank,* 105 Wn.2d at 387–88. That, however, is not the situation here; Continental's efforts in meeting its obligation to Johnson led to the settlement of the underlying claim.

We do agree with the trial court that the summary judgment record discloses no triable fact issue. We conclude, however, that the legal issue presented should have been resolved by granting Continental's, not Johnson's, summary judgment motion.

---

[5]Johnson attempts to distinguish *Tank* by noting that insurer in that case initially hired separate counsel for Tank and for the company. Nothing in the holding of *Tank* requires that action. The criterion stated is that the insurer hire independent counsel for the insured. Here, Continental hired one firm for Johnson; and when the dispute arose, the company hired a different firm to represent its interests.

Reversed.

ALEXANDER, C.J., and WIELAND, J. Pro Tem., concur.