250 N.J. Super. 330 (1991)
594 A.2d 260
KATHERINE BATTISTA, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF WILLIAM NICHOLAS BATTISTA III, DECEASED AND KATHERINE BATTISTA, INDIVIDUALLY, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT,
v.
PAUL OLSON, DEFENDANT-RESPONDENT AND CROSS-APPELLANT, AND BOROUGH OF LEONIA, CARMEY CROSS, TODD CIESLAK, JOHN CRAWBUCK, MARION CRAWBUCK AND GEORGE CRAWBUCK, DEFENDANTS.
KATHERINE BATTISTA, ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF WILLIAM NICHOLAS BATTISTA III, DECEASED AND INDIVIDUALLY AND AS ASSIGNEE OF PAUL OLSON, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT,
v.
WESTERN WORLD INSURANCE COMPANY, INC. AND BOROUGH OF LEONIA, DEFENDANTS-RESPONDENTS AND CROSS-APPELLANTS, AND THE AETNA CASUALTY AND SURETY COMPANY, INC. AND LIEB, BERLIN AND KAPLAN, A PROFESSIONAL CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 29, 1991.
Decided July 25, 1991.
*331 Before Judges MICHELS, BRODY and D'ANNUNZIO.
Beverly R. Porway argued the cause for appellant and cross-respondent Katherine Battista, Administratrix ad Prosequendum of the Estate of William Nicholas Battista III, Deceased and Katherine Battista, Individually (Gladstone & Hart, attorneys; Beverly R. Porway, of counsel and on the brief).
*332 Milton Gurny argued the cause for respondent and cross-appellant Paul Olson (Hein, Smith, Berezin, Maloof & Spinella, attorneys; Milton Gurny, of counsel and on the brief).
Marvin H. Gladstone argued the cause for appellant and cross-respondent Katherine Battista, Administratrix ad Prosequendum of the Estate of William Nicholas Battista III, Deceased and Individually and as Assignee of Paul Olson (Gladstone & Hart, attorneys; Marvin H. Gladstone, of counsel and on the brief).
Bruce A. Tritsch argued the cause for respondent and cross-appellant Western World Insurance Company, Inc. (Feinberg, Feinberg & Tritsch, attorneys; Bruce A. Tritsch, of counsel; Bruce A. Tritsch and Steven A. Tritsch, on the brief).
John G. Tinker, Jr. argued the cause for respondent and cross-appellant Borough of Leonia (Leary, Bride, Tinker & Moran, attorneys; John G. Tinker, Jr., of counsel and on the brief).
PER CURIAM.
In these appeals, which we now consolidate, plaintiff Katherine Battista, Administratrix ad Prosequendum of the Estate of her son, William Nicholas Battista III (William), deceased, and individually and as assignee of Paul Olson, appeals (1) from portions of an order of the Law Division that (a) declared that a $1,000,000 settlement of her punitive damages claim under an agreement that released defendant Paul Olson (Olson) from any responsibility to pay the settlement and permitted her to sue and collect the amount thereof from available insurance was unreasonable and unenforceable and (b) ordered a new trial on the issue of punitive damages; (2) from a final judgment of the Law Division that dismissed her claim for punitive damages with prejudice for failure to present witnesses or produce evidence at the scheduled date for trial and (3) from a post-judgment order of the Law Division that denied her application for counsel fees and costs. Defendant Western World Insurance *333 Company, Inc. (Western World) cross-appeals from a portion of the order that declared that it was estopped from denying coverage for the punitive damages claim asserted by plaintiff against Olson. Defendant Borough of Leonia (Leonia) cross-appeals from a portion of the post-judgment order that required it to pay counsel fees of $7,500 to John R. Altieri, Esq. for the services he rendered to Olson in this matter. Finally, Olson cross-appeals from a portion of the original judgment entered in 1984 that awarded punitive damages against him.
The procedural history giving rise to these appeals and cross-appeals is recounted by us in Battista v. Olson, 213 N.J. Super. 137, 516 A.2d 1117 (App.Div. 1986) and by the trial court in Battista v. Western World Ins. Co., Inc., 227 N.J. Super. 135, 545 A.2d 841 (Law Div. 1988) and need not be fully reported here. By way of background, plaintiff instituted this wrongful death action seeking (1) compensatory damages against Leonia; (2) compensatory and punitive damages against Leonia police officers Olson and defendants Carmey Cross and Todd Cieslak and (3) compensatory damages against defendants John Crawbuck, Marion Crawbuck and George Crawbuck. Plaintiff alleged that William's death resulted from defendants' negligent failure to summon medical assistance despite having a duty to aid and knowledge of his perilous condition. Following a lengthy trial, the jury found Leonia, Cieslak, Olson and John Crawbuck negligent but determined that proximate causation was not established with respect to John Crawbuck. The jury thereupon apportioned 33% of the fault for William's death to Leonia, 17% to Cieslak and 50% to Olson and awarded compensatory damages of $60,000. In addition, the jury found that Olson's conduct was intentional, willful, wanton and malicious and accordingly, assessed punitive damages of $1,000,000 against him.
The trial court ordered a remittitur of the jury's $1,000,000 punitive damages award to $75,000, finding that the verdict could not stand because it was "outrageously high." Plaintiff refused to accept the $75,000, and the trial court scheduled the *334 matter for a new trial solely as to the amount of punitive damages. Before the punitive damages trial, plaintiff and Olson settled the punitive damages claim for $1,000,000.
The terms of the settlement released Olson from any personal responsibility to pay the $1,000,000 and permitted plaintiff to collect from any available insurance covering Olson. Olson agreed to institute an action against Western World, Leonia and defendants The Aetna Casualty and Surety Company, Inc. (Aetna) and the law firm of Lieb, Berlin and Kaplan, naming plaintiff as a party defendant. Thereafter, Olson instituted an indemnification action against Western World. In addition, Olson sued Western World and Aetna for damages for emotional distress and Leonia for counsel fees and indemnification under the Policeman's Benevolent Association (P.B.A.) Agreement between Leonia and its police officers. Following a case management conference, plaintiff replaced Olson as the party in the action, and Olson assigned all of his rights in the action to plaintiff. Olson abandoned all personal injury claims and agreed that his attorney would represent plaintiff in pursuing her interest, as well as his interest, in the indemnification action.
The matter came on for trial, and after extensive testimony, the trial court held that Western World was estopped from denying Olson coverage for plaintiff's punitive damages claim. However, the trial court held that although Western World was estopped from denying coverage for the punitive damages claim, "estoppel cannot serve to make it responsible to pay damages in an amount that would never have been considered by the parties were the insurance company the responsible entity." Accordingly, the trial court declared the settlement unreasonable and unenforceable and scheduled the matter for a new trial only as to the amount of punitive damages against Western World. The trial court also awarded John R. Altieri, Esq. counsel fees of $15,000 and assessed the award equally against Western World and Leonia. See Battista v. Western World Ins. Co., Inc., 227 N.J. Super. at 148-52, 545 A.2d 841.
*335 During the new trial as to punitive damages against Western World, plaintiff's attorney advised the trial court that he did not intend to produce any witnesses or to seek a ruling as to the admissibility of prior transcript testimony in lieu of the production of witnesses. The trial court informed counsel before trial that the prior testimony could be admitted in evidence if the witnesses were no longer available. Since plaintiff refused to present any evidence, the trial court dismissed the punitive damages claim with prejudice. These appeals and cross-appeals followed.

I.
Plaintiff seeks a reversal of the judgment and orders, contending generally that (1) the trial court erred in determining that the $1,000,000 settlement was unreasonable and unenforceable and in ordering a new trial on punitive damages; (2) the jury charge concerning punitive damages was correct and the post-verdict decision in McDonough v. Jorda, 214 N.J. Super. 338, 519 A.2d 874 (App.Div. 1986), certif. denied, 110 N.J. 302, 540 A.2d 1282 (1988), cert. denied, 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 809 (1989) did not apply and did not support the vacating of the verdict in this case; (3) the remittitur to $75,000 was arbitrary and not supported by the evidence, whereas the proofs fully supported the $1,000,000 verdict and settlement; (4) Western World was collaterally estopped from contesting the reasonableness of the settlement; (5) the trial court erred in denying her application for counsel fees; (6) she was denied her constitutional right to due process and a jury trial and (7) the trial court violated Article Six of the New Jersey Constitution and the Fourteenth Amendment of the United States Constitution in dismissing her complaint with prejudice.
We carefully considered these contentions and all arguments advanced in support of them and find that they are clearly without merit. Accordingly, we affirm those portions of the *336 order of the Law Division that declared the $1,000,000 settlement unreasonable and unenforceable and ordered a new trial on the issue of punitive damages substantially for the reasons expressed by Judge Simon in the section of her written opinion entitled "Settlement Terms" reported as Battista v. Western World Ins. Co., Inc., 227 N.J. Super. at 148-51, 545 A.2d 841. We also affirm the order of the Law Division that dismissed plaintiff's complaint with prejudice when plaintiff refused to produce witnesses or to present any evidence in support of her punitive damages claim against Western World substantially for the reasons expressed by Judge Simon in her oral opinion of June 14, 1989, as supplemented by the reasons set forth in the order of June 23, 1989.

II.

Cross-Appeal of Western World
Since we affirmed the judgment under review for the reasons discussed in Section I, infra, we need not address the issue raised by Western World on its cross-appeal that the trial court erred in declaring that it was estopped from denying coverage to Olson for the punitive damages claim asserted by plaintiff, although we have reservations regarding the trial court's disposition of that issue in the section of its written opinion entitled "Estoppel" reported as Battista v. Western World Ins. Co., Inc., 227 N.J. Super. at 142-48, 545 A.2d 841.

III.

Leonia's Cross-Appeal
Leonia contends that the trial court erred in ordering it to pay one-half of Olson's attorney's fees. We agree and reverse. The P.B.A. Agreement obligated Leonia to "provide legal services to all members of the Police Department who may be named as defendants in any legal action...." N.J.S.A. 40A:14-155 also required Leonia to provide a defense to Olson. *337 N.J.S.A. 40A:14-155 provides, in pertinent part, that the "governing body of the municipality shall provide said ... officer with necessary means of defense at such actions or proceedings...." The policy that Leonia obtained from Western World included coverage for the defense of its police officers and attorney's fees. Western World's duty to provide Olson a defense remained with it even when the circumstances required the appointment of counsel of Leonia's choosing. See Dunne v. Fireman's Fund Am. Ins. Co., 69 N.J. 244, 252, 353 A.2d 508 (1976); Burd v. Sussex Mut. Ins. Co., 56 N.J. 383, 267 A.2d 7 (1970). Therefore, Western World is legally bound to pay the entire $15,000 attorney fee incurred in representing Olson. Accordingly, we reverse that portion of the order of the Law Division that divided the attorney's fee equally between Western World and Leonia and hereby order Western World to pay the entire $15,000 attorney fee incurred by Olson.

IV.

Olson's Cross-Appeal
Olson cross-appeals from a ruling during the original trial that permitted the jury to consider punitive damages. Since Olson did not appeal from the original judgment entered in that case and to the contrary, settled with plaintiff, he cannot now challenge the trial court's submission of the punitive damages claim to the jury.
Moreover, Olson's appeal is time-barred. R. 2:4-1(a) directs that "appeals from final judgments ... shall be taken within 45 days of their entry." R. 2:4-1(a) explicitly provides a 45-day period for appeals in civil matters. Here, the trial court entered final judgment based on the punitive damages settlement on October 28, 1985. Since Olson did not file his notice of appeal until March 15, 1990, more than 45 days after the entry of judgment, the appeal was untimely filed.

*338 V.

Summary
Accordingly, except to reverse that portion of the order of the Law Division that divided the award of counsel fees equally between Western World and Leonia, and to dismiss the cross-appeal by Olson with respect to that portion of the original judgment that awarded punitive damages against him, we affirm the portions of the orders and the final judgment challenged by plaintiff.