**Terry L. NISSON, Ph.D., Appellant,**

v.

**AMERICAN HOME ASSURANCE COMPANY, Appellee,**

**Psychological Associates, a partnership, Defendants.**

**No. 85625.**

Court of Appeals of Oklahoma, Division No. 1.

April 12, 1996.

Steven M. Harris and Michael D. Davis, Tulsa, for Appellant.

Robert T. Goolsby, Oklahoma City, for Appellee.

## MEMORANDUM OPINION

JOPLIN, Judge:

Appellant Terry L. Nisson, Ph.D. (Nisson) seeks review of the trial court's order denying Nisson attorney fees in his action to recover attorney fees from Nisson's insurance carrier, Appellee American Home Assurance Company (American), after Nisson obtained independent counsel to defend him in a medical malpractice action. We hold the trial court erred in granting summary judgment in favor of American, and reverse and remand for further proceedings consistent with this opinion.

Nisson, a practicing psychologist, obtained malpractice insurance coverage from American. The policy provided a higher limit of liability for non-sexual acts of malpractice ($1,000,000.00), and a lower limit of liability for sexual acts of malpractice ($25,000.00).

S.B. sued Nisson, alleging Nisson's malpractice, i.e., sexual misconduct, committed during the course of Nisson's psychological treatment of S.B. American retained counsel on behalf on Nisson for defense of the action. S.B. then amended her petition to include a cause of action against Nisson's alleged partners, also insured by American, and claimed both sexual and non-sexual acts of malpractice against Nisson. The record suggests that American subsequently informed Nisson that American would accept liability only under the lower, sexual-acts limit of liability. According to Nisson, he then perceived a "conflict of interest" with American regarding the defense of S.B.'s claims, and retained independent counsel, the Harris firm, to represent him.

The Harris firm subsequently corresponded with American's chosen counsel, and American's counsel admitted a desire to take a position "potentially detrimental" to Nisson's interest (a motion for summary judgment on the part of Nisson's alleged partners which would expose Nisson to potential personal liability exceeding his coverage), and opined that any recovery by S.B. regarding sexual malpractice/misconduct would be subject to the sexual-acts "cap" provision of the insurance contract.

After further correspondence in the same vein, the Harris firm demanded that American pay the Harris firm attorney fees for its pre-trial "representation" of Nisson. American refused, and Nisson brought the present action seeking payment of attorney fees to the Harris firm.

Both sides moved for summary judgment. In support of his motion, Nisson argued that American had a duty to pay for Nisson's independent counsel because American had undertaken to represent multiple insured defendants with antagonistic interests; that S.B.'s complaint alleged both potentially covered and non-covered acts; that S.B. sought damages in excess of policy limits; and that such animosity existed between American and Nisson as to constitute a conflict of interest. In support of its position, American asserted that attorney fees could not be recovered unless allowed by statute or contract, that no statutory or contractual authority existed for such an award, and that in any event, American's counsel stood ready, willing and able to defend Nisson. The trial court granted summary judgment to American, and Nisson appeals.

We agree, in part, with both parties. In that regard, an insured should not be allowed to unilaterally reject the insurer's offer to defend then demand counsel of his choice at the insurer's expense in every instance in which the insured perceives his interests are not being fully served. However, neither should the insurer be allowed to rely on a reservation of rights provision regarding coverage while subjecting its insured to a possible half-hearted defense by an attorney whose interests are subservient to that of the insurer and which could place such an attorney in an ethically untenable position.

The parties fail to cite any Oklahoma authority on-point, and we find none. Some other jurisdictions have adopted a rule requiring, under a duty-to-defend clause of an insurance policy, an insurer to pay for independent counsel upon the filing of a complaint alleging covered and non-covered claims, *First Ins. Co. of Hawaii v. State,* 66 Haw. 413, 665 P.2d 648 (1983), alleging damages in excess of coverage, *St. Paul Fire & Marine Ins. Co. v. Thompson,* 150 Mont. 182, 433 P.2d 795 (1967), and alleging liability of multiple insureds with antagonistic interests. *Battista v. Olson,* 250 N.J.Super. 330, 594 A.2d 260 (1991). However, other jurisdictions allow an insurer to fulfill its obligation to defend when a conflict of interest arises by refraining from activity which would show a greater concern for its monetary interest than for its insured's financial risk, *Johnson v. Continental Casualty Co.,* 57 Wash.App. 359, 788 P.2d 598 (1990), or, in a case where damages claimed were in excess of coverage, by fully defending the insured regardless of the insured's disagreement with the manner in which the case is defended. *See, e.g., Roussos v. Allstate Ins. Co.,* 104 Md.App. 80, 655 A.2d 40 (1995).

■ From our review of these decisions and others, we discern a common theme: not every perceived or potential conflict of interest automatically gives rise to a duty on the part of the insurer to pay for the insured's choice of independent counsel. *See, Public Service Mutual Insurance Company v. Goldfarb,* 53 N.Y.2d 392, 442 N.Y.S.2d 422, 427, 425 N.E.2d 810, 815 (1981). That is:

> Independent counsel is only necessary in cases where the defense attorney's duty to the insured would require that he defeat liability on any ground and his duty to the insurer would require that he defeat liability only upon grounds that would render the insurer liable.

*Goldfarb,* 442 N.Y.S.2d at 427, 425 N.E.2d at 815. Conversely, absent a threat of divided loyalty between the insured and insurer, no need for retention of independent counsel arises because the issue of coverage is then separate from the issue of liability. *Goldfarb,* 442 N.Y.S.2d at 427, 425 N.E.2d at 815.[1]

■ In the present case, the correspondence between the Harris firm and American's counsel suggests American at the outset denied coverage in excess of the $25,000.00 sexual-conduct sub-limit provision on the grounds that any allegation of sexual malfeasance rendered any and all non-sexual malpractice during the same therapy relationship subject to the sub-limit provision notwithstanding a $1,000,000.00 limit of liability for non-sexual malpractice. *Thereafter, Nisson became concerned regarding his potential exposure and retained independent counsel, the Harris firm, which attempted to ascertain American's position regarding its defense strategy vis-a-vis Nisson.*

■ Thus, while we find American did not owe Nisson a duty to provide independent counsel when a potential conflict arose over extent of coverage, our review of the record clearly indicates American recognized prior to trial that a potentially detrimental conflict of interest existed regarding the strategy to be used in defending the underlying lawsuit against Nisson and his partners. Thus, the need for Nisson to hire independent counsel arose when the possibility existed that American might be faced with the prospect of defending Nisson under some but not all available defenses. Nevertheless, American's counsel requested permission from the Harris firm, on behalf of Nisson, to pursue strategies which left American's counsel—in his own words—with an "ethical dilemma." Such permission was not granted.

Under these specific facts and circumstances, we consequently hold American—when faced with such a conflict of defense strategy—had a duty to pay reasonable fees

---

1. However, an insurer may demand their insured obtain independent counsel when the *nsurer* perceives a conflict of interest. *See, e.g., Patrons Mut. Ins. Ass'n. v. Harmon,* 240 Kan. 707, 732 P.2d 741 (1987); *American Employers' Insurance Co. v. Crawford,* 87 N.M. 375, 533 P.2d 1203, 1209 (1975). This rule clearly "protects both the insured's and the insurer's interests and rights and eliminates the necessity of multiple suits to determine the same issues. We believe this is the proper procedure to protect the rights of both parties under their contract." *Patrons,* 732 P.2d at 745.

for the independent representation of Nisson under the duty to defend clause of the insurance contract. The order of the trial court granting summary judgment to American and denying summary judgment to Nisson is therefore REVERSED, and the cause REMANDED for further proceedings consistent with this opinion.

CARL B. JONES, P.J., and GARRETT, J., concur.