# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| TORI KRUGER-WILLIS, | No. 48375-1-II |
| Appellant, | PART PUBLISHED OPINION |
| v. | |
| HEATHER HOFFENBURG and JOHN DOE HOFFENBURG, | |
| Respondents. | |

SUTTON, J. — This is the third time this case is before us on appeal. This appeal addresses whether defense counsel for Heather Hofferbert[1] had authority to appear and act on her behalf regarding a vehicle damage claim filed against her by Tori Kruger-Willis. Kruger-Willis appeals the trial court's decision denying her RCW 2.44.030 motion and ruling that defense counsel had the authority to represent Hofferbert, entering judgment against Kruger-Willis, and denying her motion to reconsider. In the published portion of this opinion, we hold that the trial court did not err in holding that defense counsel had authority to represent Hofferbert, and we affirm the trial court's decision. In the unpublished portion, we hold that the trial court did not err in its entry of judgment and affirming its order. We also hold that Kruger-Willis was not denied the right to a fair hearing and that Hofferbert is entitled to attorney fees as the prevailing party in this appeal.

---

[1] Respondent spells her name "Hofferbert," although it is spelled incorrectly as "Hoffenburg" throughout the record and in prior opinions. Br. of App. at 1 n.1

FACTS

This action arose out of a motor vehicle collision that occurred in 2008. Hofferbert drove a truck that struck and damaged Kruger-Willis's parked vehicle. GEICO, Hofferbert's insurance company, paid to repair Kruger-Willis's vehicle. Kruger-Willis then sued Hofferbert to recover the diminished value of her repaired vehicle. GEICO hired defense counsel and paid the costs of Hofferbert's defense pursuant to its contractual duty to defend her.[2]

The insurance contract required that GEICO "will defend any suit for damages payable under the terms of this policy." Clerk's Papers (CP) at 694. The contract further specified that GEICO will pay "damages which an *insured* becomes legally obligated to pay because of . . . [d]amage to or destruction of property," so long as the damage arose from the ownership, maintenance, or use of a covered vehicle. CP at 693-94. The contract defined an "insured" to include "[a]ny other person using the auto with *your* permission." CP at 695.

Following a three-day trial, the jury rendered a verdict in Hofferbert's favor.[3] The trial court awarded Hofferbert $11,490 in costs and attorney fees.[4] Kruger-Willis appealed the trial court's award of attorney fees and costs. In an unpublished opinion, we held that Hofferbert had standing to recover fees and costs as the aggrieved party in the underlying action and was the

---

[2] Although Hofferbert was not the named insured on the insurance contract with GEICO, she is an insured person under the terms of the contract because she drove the insured's vehicle with permission from the named insured.

[3] Prior to trial, GEICO conceded liability and the trial was on damages only.

[4] The trial court awarded Hofferbert costs and reasonable attorney fees because she was the prevailing party under RCW 4.84.250. It is referred to herein as the "2011 order."

prevailing party entitled to fees and costs, regardless of the fact that GEICO was defending her. *Kruger-Willis v. Hoffenburg*, noted at 173 Wn. App. 1024, slip op. at *5 (2013) (*Kruger-Willis* I).

Following our decision, Kruger-Willis's counsel executed a check for $11,490 payable to Hofferbert despite defense counsel's request that the check be made payable to Hofferbert's insurer, GEICO. Defense counsel asked Kruger-Willis's counsel to reissue the check payable to GEICO, but Kruger-Willis's counsel refused because GEICO was not a party to the suit. Defense counsel filed a motion to enforce the trial court's award of costs and attorney fees. In support of his motion, defense counsel stated that Hofferbert had never been involved in the defense of the case against her and that he (defense counsel) worked for GEICO. The trial court granted this motion, but named Hofferbert and not GEICO as the judgment creditor.

Kruger-Willis then filed a motion for defense counsel to produce or prove the authority under which he appeared and to stay all proceedings until such authority was produced or provided. *See* RCW 2.44.030. During argument on this motion, defense counsel admitted that he had "not had contact with the named defendant in this lawsuit." CP at 640. However, defense counsel asserted that he had authority to appear for Hofferbert under the terms of the insurance contract. The trial court denied Kruger-Willis's motion. Kruger-Willis appealed.

In that appeal, we held that where civil defense counsel admitted that he never had any contact with his client, the trial court abused its discretion by denying opposing counsel's motion to require counsel to prove the authority under which he appears. *Kruger-Willis v. Hoffenburg*, noted at 187 Wn. App. 1010, slip op. at *4 (2015) (*Kruger-Willis* II). We reversed and remanded to the trial court to determine whether defense counsel had the authority to appear for Hofferbert in this case. *Kruger-Willis* II, slip op. at *5.

On remand, Kruger-Willis renewed her motion under RCW 2.44.030. After a hearing, the trial court ruled that defense counsel had authority to represent Hofferbert under the omnibus clause in the insurance policy; an omnibus clause was required to be present in the policy under RCW 46.29.490(2)(b); defense counsel did not surrender any of Hofferbert's substantial rights; and Hofferbert ratified defense counsel's actions after the fact. Kruger-Willis moved to reconsider, and the trial court denied the motion. Kruger-Willis appeals the trial court's ruling.

While the second appeal was pending, Hofferbert made a motion in the trial court for a judgment on sum certain based on the trial court's 2011 order. After a hearing, the trial court found that the 2011 order contained a scrivener's error by stating that payment shall be made to Hofferbert's attorney, Mary E. Owen & Associates, rather than to Hofferbert. The trial court also found that Kruger-Willis's tender of the check in 2013, payable to Heather Hofferbert and delivered to Mary E. Owen & Associates, did not constitute an accord and satisfaction. Finally, the trial court held that judgment would be entered in favor of Hofferbert against Kruger-Willis in the amount of $11,490 with interest accruing from the date of the 2011 order. The next day, Kruger-Willis filed a bond supersedeas with the county clerk to cover the judgment and costs on appeal, including interest. Kruger-Willis amended her pending appeal and now also appeals the judgment.

ANALYSIS

I. STANDARDS OF REVIEW

Following a mandate for further proceedings, a trial court must comply with that mandate, and we review the trial court's compliance for an abuse of discretion. *See Bank of Am., N.A. v. Owens*, 177 Wn. App. 181, 189, 311 P.3d 594 (2013). A trial court abuses its discretion when its

decision is manifestly unreasonable or based on untenable grounds or reasons. *Yousoufian v. Office of Ron Sims*, 168 Wn.2d 444, 458, 229 P.3d 735 (2010). A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard. *Mayer v. Sto Indus., Inc.*, 156 Wn.2d 677, 684, 132 P.3d 115 (2006).

We uphold a trial court's findings of fact if those findings are supported by substantial evidence. *Hegwine v. Longview Fibre Co.*, 132 Wn. App. 546, 555, 132 P.3d 789 (2006). Substantial evidence is that which is sufficient to persuade a fair-minded individual of the truth of the matter asserted. *Hegwine*, 132 Wn. App. at 555-56.

## II. AUTHORITY TO APPEAR

Kruger-Willis argues that the trial court erred in finding that GEICO's retained defense counsel had the authority to represent Hofferbert. Kruger-Willis claims that defense counsel lacked the authority to represent Hofferbert because counsel had no contact with her throughout the course of the litigation, and therefore, Hofferbert could not have provided such authority.[5] We hold that when an insurer has a contractual obligation to defend its insured, that insurer has the

---

[5] Kruger-Willis also argues that GEICO's counsel surrendered a substantial right of Hofferbert by conceding liability. Hofferbert argues that GEICO's counsel's decision to concede liability advanced Hofferbert's interests. We agree with Hofferbert. Kruger-Willis further argues that GEICO's counsel surrendered a substantial right of Hofferbert when Hofferbert was listed as a judgment debtor on the second appeal, as Kruger-Willis was the prevailing party and entitled to attorney fees under RCW 4.84.250. Kruger-Willis does not cite any authority for this argument, so we decline to reach this issue. RAP 10.3(6).

implied right to authorize defense counsel to represent its insured even in the absence of the insured's express authority.

A. DUTY TO DEFEND

GEICO's policy stated, "We will defend any suit for damages payable under the terms of this policy." CP at 694. In Washington, an insurer's contractual duty to defend its insured is extremely broad. *See*, *e.g.*, *Nat'l Sur. Corp. v. Immunex Corp.*, 176 Wn.2d 872, 878-79, 297 P.3d 688 (2013). An insurer must defend a lawsuit against its insured not only for claims that are actually covered, but also for claims that are potentially covered. *Immunex*, 176 Wn.2d at 879. An insurer must provide a defense whenever the applicable insurance policy "*conceivably covers*" the allegations in a complaint against the insured. *Woo v. Fireman's Fund Ins. Co.*, 161 Wn.2d 43, 53, 164 P.3d 454 (2007) (alteration in original). And the duty to defend arises as soon as the complaint is filed. *Immunex*, 176 Wn.2d at 889.

Once the insurer's duty to defend is triggered, the consequences of failing to provide a defense are severe. An insurer that wrongfully breaches its duty to defend is liable for breach of contract, and may also be liable for bad faith and violation of the Consumer Protection Act (CPA).[6] *See Tank v. State Farm Fire & Cas. Co.*, 105 Wn.2d 381, 394, 715 P.2d 1133 (1986). In addition to being liable for contract damages, the insurer may be estopped from denying coverage for any judgment or settlement. *United Servs. Auto. Ass'n v. Speed*, 179 Wn. App. 184, 203, 317 P.3d 532 (2014).

Here, Hofferbert was entitled to coverage under GEICO's policy because she was driving the insured's vehicle with the named insured's permission. As noted above, GEICO had an

---

[6] Ch. 19.86 RCW.

obligation to defend Hofferbert for "any suit for damages payable under the terms of this policy." CP at 694. It is undisputed that Kruger-Willis's lawsuit against Hofferbert alleged damages payable under the terms of GEICO's policy. Therefore, GEICO had a contractual, legal duty to defend Hofferbert against Kruger-Willis's lawsuit. And if GEICO failed to defend Hofferbert, it would be subject to liability for breach of contract, bad faith, and violation of the CPA.

## B. DEFENSE COUNSEL'S AUTHORITY

To fulfill its duty to defend, an insurer generally has the right to select the defense counsel who will represent its insured. *See Johnson v. Cont'l Cas. Co.*, 57 Wn. App. 359, 362-63, 788 P.2d 598 (1990) (holding that an insurer had no obligation to pay for counsel the insured retained). But the law is clear that the insurer-retained defense counsel's client is the insured, not the insurer. *Tank*, 105 Wn.2d at 388.

The Rules of Professional Conduct (RPC) 1.2(f) provides for an attorney's authorization to represent a client:

> A lawyer shall not purport to act as a lawyer for any person or organization if the lawyer knows or reasonably should know that the lawyer is acting without the authority of that person or organization, unless the lawyer is authorized or required to so act by law or a court order.

Here, it is undisputed that Hofferbert did not expressly authorize defense counsel retained by GEICO to represent her. Therefore, Kruger-Willis argues that defense counsel had no authority to represent Hofferbert under RPC 1.2(f).[7]

---

[7] Kruger-Willis also asserts that our opinion in the second appeal established the law of the case because Kruger-Willis interprets that opinion as holding that the key to authority is some form of communication between attorney and client. In that opinion, we expressly stated that we did not decide the issue of counsel's authority to appear. *Kruger-Willis* II, slip op. at *4.

However, RPC 1.2(f) does not always require express authorization from the client. An attorney can represent a client if authorized "by law." RPC 1.2(f). An insurer necessarily has implicit authority under its contractual duty to defend—to authorize defense counsel to represent its insured. Otherwise, the insurer would have no way of fulfilling its broad duty to defend when the insured cannot be located, is uncooperative, or temporarily unavailable.

Under Kruger-Willis's position, if the insurer or defense counsel could not contact the insured to obtain express authority to represent him or her, the insurer and defense counsel would not even be able to file a notice of appearance and would be forced to allow a default judgment to be entered against the insured. Such a result would be harmful to the insured, the beneficiary of the insurer's contractual duty to defend. In addition, "insurance contracts are imbued with public policy concerns." *Immunex*, 176 Wn.2d at 878. Such a result would be inconsistent with public policy. We hold that under RPC 1.2(f), defense counsel retained by an insurer is authorized by contract law to represent that insurer's insured.[8] Therefore, we hold that the trial court did not err in holding that defense counsel had authority to represent Hofferbert, and we affirm the trial court's decision.

A majority of the panel having determined that only the foregoing portion of this opinion will be published in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

---

[8] Here, there was no indication that Hofferbert objected to defense counsel's representation of her. We do not address the situation where the insured objects to the representation of insurer-retained counsel or expressly withdraws defense counsel's authority.

### III. ENTRY OF JUDGMENT

Kruger-Willis argues that it was error to grant defense's motion for entry of judgment when defense counsel never considered Hofferbert to be the prevailing party under RCW 4.84.250. Kruger-Willis also argues that the trial court erred by granting relief in its 2011 order that Hofferbert did not request.

RCW 4.84.250 provides,

[I]n any action for damages where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs, is [$10,000] or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees.

We decided this issue in the first appeal:

The fact that GEICO is defending [Hofferbert] does not render the insurance company a party or somehow diminish [Hofferbert]'s standing as either the aggrieved party in the underlying action or the prevailing party entitled to fees and costs under RCW 4.84.250.

*Kruger-Willis* I, slip op at *3. Thus, Hofferbert is the prevailing party under RCW 4.84.250, and therefore, is entitled to an entry of judgment for attorney fees and costs.

Hofferbert moved the court to order an entry of judgment based on the trial court's 2011 order that granted costs, attorney fees, and interest at 12 percent per year to Hofferbert as the prevailing party. The trial court entered judgment in favor of Hofferbert against Kruger-Willis in the amount of $11,490 with interest accruing from the date of the 2011 order. Accordingly, the trial court's ruling is not inconsistent with Hofferbert's request for relief. Therefore, we hold that the trial could did not err in its entry of judgment.

## IV. RIGHT TO A FAIR HEARING

Kruger-Willis also argues that she was denied a fair, impartial, or neutral proceeding due to the trial court's errors and the misconduct of opposing counsel. Specifically, Kruger-Willis argues that the trial court's finding, that the 2011 order contained a scrivener's error as to the payee of judgment, resulted in a financial detriment to Kruger-Willis in interest and attorney fees over the three years that Kruger-Willis disputed this designation of payee; she also argues that the trial court's finding of fact is not supported by the record. Kruger-Willis also notes the trial court's extended proceedings.

The trial court is presumed to perform its functions regularly and properly without bias or prejudice. *Wolfkill Feed & Fertilizer Corp. v. Martin*, 103 Wn. App. 836, 841, 14 P.3d 877 (2000). A judicial proceeding is valid only if it has an appearance of impartiality, that is, that a reasonably prudent and disinterested person would conclude that all parties obtained a fair, impartial, and neutral hearing. *State v. Bilal*, 77 Wn. App. 720, 722, 893 P.2d 674 (1995). A violation of the appearance of fairness doctrine requires evidence of a judge's actual or potential bias. *State v. Carter*, 77 Wn. App. 8, 11, 888 P.2d 1230 (1995).

Here, Kruger-Willis fails to provide evidence of the trial judge's actual or potential bias. By Kruger-Willis's own admission, the trial court never intended for the payee to be anyone other than Hofferbert. Therefore, the trial court's finding that the payee on its 2011 order was a scrivener's error is supported by substantial evidence.

Kruger-Willis argues that the procedural history in this case is "long and convoluted because the [defense attorneys] never communicated with [Hofferbert]" and "the trial court prolonged the litigation," but Kruger-Willis admits that the lawsuit was a "straight-forward, low-value vehicle property damage claim." Br. of Appellant at 1. Had she filed a bond supersedeas in 2011 (as she did five years later prior to this appeal) and payable according to the trial court's order, she would have met accord and satisfaction.

Therefore, we hold that Kruger-Willis was not denied the right to a fair hearing because the alleged errors and misconduct by the trial court are unfounded.

## ATTORNEY FEES

Kruger-Willis requests attorney fees on appeal under RCW 2.44.020, which provides:

> If it be alleged by a party for whom an attorney appears, that he or she does so without authority, the court may, at any stage of the proceedings, relieve the party for whom the attorney has assumed to appear from the consequences of his or her act; it may also summarily, upon motion, compel the attorney to repair the injury to either party consequent upon his or her assumption of authority.

Here, Kruger-Willis is not successful in her challenge of authority; as such, she is not entitled to attorney fees.

Hofferbert also requests attorney fees under RCW 4.84.250 and RAP 18.1. As provided above, we have already decided that Hofferbert is entitled to attorney fees under RCW 4.84.250. Therefore, Hofferbert is entitled to attorney fees as the prevailing party in this appeal.

No. 48375-1-II

CONCLUSION

We hold that the trial court did not err in its entry of judgment and Kruger-Willis was not denied the right to a fair hearing. Finally, we hold that Hofferbert is entitled to attorney fees as the prevailing party in this appeal.

SUTTON, J.

We concur:

WORSWICK, J.

MAXA, A.C.J.