# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54597-7-II |
| Respondent, | |
| v. | |
| ISAIAH JACOB SCHUBERT, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — Isaiah Schubert pleaded guilty to seven charges. During sentencing, Schubert and the State miscalculated his offender score. He did not file a direct appeal, but later filed a personal restraint petition (PRP), arguing that his sentence was invalid due to the miscalculated offender score and that his guilty plea was involuntary as a result of the offender score error. This court considered his PRP and concluded that his offender score had been miscalculated on count 1, but that such errors did not render his guilty plea involuntary. On remand to the superior court, Schubert moved to withdraw his guilty plea. The superior court denied Schubert's motion because this court had already considered the issue. Schubert also requested that the superior court resentence him on counts 2-7 in addition to count 1, but the superior court determined that this court's mandate only addressed count 1.

Schubert appeals, arguing that the superior court erred in denying his motion to withdraw his guilty plea, in refusing to resentence him on counts 2-7, and in imposing discretionary legal financial obligations (LFOs). The State argues that the superior court was barred from granting

Schubert's motion to withdraw his guilty plea, that Schubert must separately move for resentencing of counts 2-7, and that the issue of LFOs is not properly before this court.

We affirm the trial court's ruling on Schubert's motion to withdraw his guilty plea, vacate Schubert's sentence on counts 2-7, and remand for resentencing consistent with this opinion.

FACTS

The State charged Schubert with seven charges, stemming from his violation of his spouse's no-contact order. Schubert pleaded guilty to burglary in the first degree while armed with a deadly firearm—domestic violence, violation of pretrial no-contact order—domestic violence, residential burglary—domestic violence, assault in violation of a pretrial no-contact order—domestic violence, unlawful imprisonment—domestic violence, unlawful possession of a firearm in the second degree, and criminal trespass in the first degree—domestic violence. The superior court convicted him on his plea. Schubert was sentenced on May 30, 2017. Schubert and the State miscalculated his offender score on his count 1 burglary charge, resulting in a score of 9. The trial court determined Schubert was indigent. The court imposed LFOs, some of which were discretionary. The judgment and sentence form included a criminal filing fee of $200 and interest provisions that were later prohibited (as of June 7, 2018). RCW 36.18.020(2)(h); RCW 10.82.090(1).

Schubert filed a PRP attacking his judgment and sentence due to the offender score error. *See In re Pers. Restraint of Schubert*, No. 51900-3-II (Wash. Ct. App. Jan 8, 2019) (unpublished), https://www.courts.wa.gov/opinions/ (*Schubert* I). Schubert argued that the sentence on his other counts was incorrect and that as a result his guilty plea was invalid. *Id*. at slip op. 2. This court accepted review and concluded that the offender score on count 1 was incorrect. *Id*. However, this court disagreed that his sentences on counts 2-7 were incorrect because he pleaded guilty and

stipulated that such charges were not part of the same criminal conduct and were not subject to merger. *Id.* at slip op. 3. This court also rejected Schubert's argument that his guilty plea was involuntary, stating "an error in a judgment and sentence does not render a plea involuntary." *Id*. This court remanded his case to the superior court "for resentencing with a correct offender score of 8 for the first degree burglary," count 1. *Id.* at slip op. 4. Schubert petitioned for review to our Supreme Court, which denied review. Ruling Den. Review, *In re Pers. Restraint of Schubert*, No. 96934-5, at 2 (Wash. July 26, 2019). The court reasoned that when a defendant is misinformed of their sentencing consequences, as Schubert was here, the resulting guilty plea is involuntary. *Id*. But it held that Schubert had not shown actual and substantial prejudice and therefore failed to satisfy the PRP standard necessary to prevail. *Id*.

On remand, Schubert moved under CrR 7.8 to withdraw his guilty plea. During the resentencing hearing for count 1 pursuant to this court's mandate in *Schubert* I, the superior court denied Schubert's motion to withdraw his plea. During the hearing, Schubert requested the court resentence counts 2-7 in addition to count 1. The State agreed that there were errors in counts 2-7, but also argued that this court's mandate only addressed count 1. The trial court determined that per this court's mandate, it was only authorized to resentence on count 1, stating that count 1 was "the limited issue that is here before [the court] today." Report of Proceedings (RP) (Feb. 3, 2020) at 19. The trial court resentenced count 1 and issued a new judgment and sentence. Schubert appeals.

## ANALYSIS

I.    EFFECT OF APPELLATE MANDATE ON REMAND

We review a superior court's compliance with an appellate mandate for further proceedings for an abuse of discretion. *Kruger-Willis v. Hoffenburg*, 198 Wn. App. 408, 414, 393 P.3d 844

(2017). Schubert argues that the superior court should have granted his motion to withdraw his guilty plea because the errors in his sentence make his plea involuntary. We disagree.

A petitioner who collaterally attacks their conviction by asserting that their guilty plea was involuntary must show "'actual and substantial prejudice'" to prevail. *State v. Buckman*, 190 Wn.2d 51, 60, 409 P.3d 193 (2018) (quoting *In re Pers. Restraint of Stockwell*, 179 Wn.2d 588, 598-99, 316 P.3d 1007 (2014)). To show actual and substantial prejudice here, "the petitioner must show that the outcome of the guilty plea proceedings would more likely than not have been different had the error not occurred." *Buckman*, 190 Wn.2d at 60.

Schubert argues that his guilty plea is invalid because he was not accurately advised of the direct consequences of his plea and that the superior court had no factual basis to accept such a plea. But the procedural posture of this case precludes our consideration of this issue.

Schubert's PRP included the same argument. *Schubert* I, slip op. at 2. This court rejected the argument, and the Washington Supreme Court denied review, ultimately concluding that Schubert failed to even attempt to show prejudice, i.e. that more likely than not he would have chosen not to plead guilty if he knew of the actual offender score. *Id*. This court reasoned that Schubert, did not show prejudice, and was not entitled to relief. *Id*. slip op. at 2-3. That same reasoning applies here because this appeal arises from the remand of Schubert's PRP.

While Schubert prevailed in his PRP on inaccuracy of his offender score, he cannot now expand the scope of the remanded PRP to include a previously rejected argument regarding withdrawal of his plea. *See State v. Johnson*, 188 Wn.2d 742, 755, 399 P.3d 507 (2017) (once an appellate court rules on an issue of law, that holding follows the case in later stages). He cannot argue that prejudice resulted from a misunderstanding of his sentencing consequences, as that was addressed and found lacking at a prior stage of the proceedings arising from his PRP. *See id*.

Even if he could argue the prejudice issue for the first time at this procedural juncture, Schubert fails to show actual and substantial prejudice, that is, that more likely than not he would have chosen not to plead guilty. Accordingly, we affirm the superior court's ruling denying his motion to withdraw his guilty plea.

## II.    RESENTENCING OF COUNTS 2-7

Schubert argues that the trial court abused its discretion by failing to resentence counts 2-7 based on the same offender score error that had occurred for count 1. The State argues that Schubert must move to address the deficiencies with counts 2-7 because his PRP did not address such counts. We agree with Schubert.

A sentence based on an inaccurate offender score is invalid on its face. *In re Pers. Restraint of La Chappelle*, 153 Wn.2d 1, 6, 100 P.3d 805 (2004). A defendant cannot waive an erroneous sentence by pleading guilty to the charges. *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 877, 50 P.3d 618 (2002). When a trial court imposes an erroneous sentence, it has "the [p]ower and the duty to correct" it. *In re Pers. Restraint of Carle*, 93 Wn.2d 31, 33, 604 P.2d 1293 (1980).

CrR 7.8(a)-(b) allows a court to provide post-judgment relief, including resentencing, due to mistakes, inadvertence, excusable neglect, newly discovered evidence, fraud, and any other reason justifying relief. CrR 7.8 empowers a superior court to modify an erroneous sentence. *State v. Waller*, 197 Wn.2d 218, 226, 481 P.3d 515 (2021).

The trial court abused its discretion by failing to resentence counts 2-7. It is true that this court's mandate from *Schubert* I unequivocally instructs the superior court to resentence count 1, stating "We grant Schubert's petition in part and remand his judgment and sentence for resentencing with a correct offender score of 8 for the first degree burglary." *Schubert* I, slip op. at 4.

But the trial court had independent authority to correct an erroneous sentence. *Carle*, 93 Wn.2d at 33. Schubert and the State agree that the offender scores for counts 2-7 are inaccurate and require modification. This court's mandate does not preclude the superior court from resentencing on counts 2-7 for reasons that had not been previously addressed via Schubert's PRP because a trial court may correct an erroneous sentence. *Carle*, 93 Wn.2d at 33; *Waller*, 197 Wn.2d at 226. Because Schubert's sentence was based on an incorrect offender score, the sentence on counts 2-7 is invalid and must be vacated. *See La Chappelle*, 153 Wn.2d at 6.

III.    Discretionary LFOs

Schubert argues that the superior court erred when it imposed discretionary LFOs prior to conducting an analysis under *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018). We agree.

A superior court may impose costs and fees after conducting an individualized inquiry into a defendant's ability to pay. *See* RCW 10.01.160(3); *Ramirez*, 191 Wn.2d at 745-46. Former RCW 36.18.020 (2017) authorized the court to impose a criminal filing fee of $200, but in 2018 that provision was amended to disallow such fee for indigent defendants. *State v. Lundstrom*, 6 Wn. App. 2d 388, 396, 429 P.3d 1116 (2018). It now states

> Upon conviction or plea of guilty, upon failure to prosecute an appeal from a court of limited jurisdiction as provided by law, or upon affirmance of a conviction by a court of limited jurisdiction, an adult defendant in a criminal case shall be liable for a fee of two hundred dollars, except this fee shall not be imposed on a defendant who is indigent as defined in RCW 10.101.010(3) (a) through (c).

RCW 36.18.020(2)(h). RCW 10.82.090(1) was also amended such that after June 7, 2018, no interest shall accrue on "nonrestitution legal financial obligations."

When the trial court resentenced Schubert, it entered a new judgment and sentence order. The judgment and sentence order required Schubert to pay a $200 filing fee and interest that accrues on unpaid fees. The trial court determined Schubert was indigent. Therefore, the court

6

was barred from imposing the $200 filing fee and interest on unpaid fees. *See* RCW 36.18.020; RCW 10.82.090. Upon resentencing, the trial court should not impose the filing fee or interest provision.

## CONCLUSION

We affirm the trial court's ruling on Schubert's motion to withdraw his guilty plea, vacate Schubert's sentence on counts 2-7, and remand for resentencing consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

 

 

Veljacic, J.

We concur:

Worswick, J.

Glasgow, A.C.J.