

**FILED**
**JULY 17, 2025**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| In re the Matter of | ) | |
| | ) | No. 40155-3-III |
| JEREMY DENNISTON SETTLEMENT | ) | |
| PRESERVATION TRUST, AN | ) | |
| IRREVOCABLE TRUST, BAKER | ) | |
| BOYER BANK, SUCCESSOR | ) | |
| TRUSTEE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |

STAAB, A.C.J. — This case involves the second interlocutory appeal from the trial

court's denial of a motion to change venue filed by the Jeremy Denniston Preservation

Trust and Nathan May, Conservator for Jeremy Denniston. In the first appeal, this court

held that the trial court's findings were insufficient for meaningful appellate review and

remanded the case with specific instructions for additional findings. On remand,

however, the trial court summarily denied the renewed motion, adopting findings

proposed by the trustee, Baker Boyer Bank (Bank), without addressing the deficiencies

previously identified. Denniston again sought discretionary review, which was granted.

On appeal, Denniston argues that the trial court abused its discretion by failing to

comply with the remand instructions, improperly rejecting RCW 11.96A.050(2) as a

basis for venue change, and ignoring key facts favoring transfer to Benton County from

Walla Walla County. He contends the trust monitoring action was never properly commenced under TEDRA[1] due to the Bank's failure to file or serve a summons, and that both statutory factors and equitable considerations support venue transfer from Walla Walla County to Benton County. The Bank responds that the motion was untimely and that Walla Walla County remains the proper venue. We conclude that the trial court again abused its discretion by failing to comply with our instructions on remand. Accordingly, we again reverse and remand for entry of appropriate findings in this matter.

## BACKGROUND

In September 2015, Jeremy Denniston suffered extensive injuries in a car accident that resulted in the deaths of his wife and teenaged nephew. Due to the severity of his injuries, a guardianship of Denniston and his estate was established in Pierce County, where Denniston was receiving care. His father was appointed as guardian and successfully pursued personal injury and wrongful death claims on Denniston's behalf, ultimately obtaining a multimillion-dollar settlement. Approximately $14 million was placed in the Jeremy Denniston Settlement Preservation Trust (Trust) for the benefit of Denniston.

---

[1] Trust and Estate Dispute Resolution Act, ch. 11.96A RCW.

Around the time the Trust was created, Denniston moved to Kennewick in Benton County. Marci Perkins of OmniGuardianship Services, LLC (Omni), a professional guardianship agency, was appointed as the initial Trustee. Because Omni's offices are located in Walla Walla County, the Trust monitoring action was established there.

In 2019, a guardian ad litem (GAL) was appointed and later recommended that Nathan May be appointed as successor guardian and that venue for both the guardianship and trust monitoring be transferred to Benton County where Denniston resided. The GAL noted that travel posed a barrier for Denniston due to his disability and urged the court to move proceedings to facilitate his participation. The trial court largely adopted these recommendations, entering an order appointing May as guardian and transferring the guardianship action to Benton County.

In August 2019, Omni filed a notice of intent to resign as Trustee. Under the terms of the Trust, Denniston and his guardian were required to be consulted before the court appointed a successor trustee. However, later that month, attorney David Grossman, acting on behalf of the Bank, obtained an order in the trust monitoring proceeding appointing the Bank as the successor trustee. The order provided that upon review and approval of Omni's final report and accounting, the trust monitoring action in Walla Walla County would be dismissed.

Shortly after the Bank was appointed Trustee—but before dismissal of the trust monitoring action—May's attorney, Ronald St. Hilaire, filed a notice of appearance in

3

the case.  Grossman acknowledged receipt of St. Hilaire's appearance and indicated he would serve him with the Trustee's final accounting before dismissing the action.  St. Hilaire later declared that dismissal of the Walla Walla County proceeding was presumed to be in preparation for reestablishing trust monitoring in Benton County, in accordance with the GAL's recommendation.

However, on March 6, 2020, Grossman, on behalf of the Bank, filed a petition and motion to reestablish trust monitoring for the Trust.  Despite the GAL's prior recommendation to relocate proceedings to Benton County where Denniston resided, the petition was filed in Walla Walla County.  The court entered an order establishing trust monitoring on March 23, 2020.

May alleged that notice of the petition, motion, and hearing was sent to an old mailing address, despite prior communications providing his updated address, and that he did not receive the documents by mail.  No TEDRA summons was filed or served on May.  Neither May nor St. Hilaire attended the hearing on the petition, and May did not dispute receiving a belated email copy of the order establishing trust monitoring in late March 2020, after the hearing occurred, though it had been sent to an outdated email address.

Nearly one year later, on February 4, 2021, St. Hilaire wrote to Grossman requesting that the trust monitoring action be transferred to Benton County and consolidated with the guardianship proceedings.  He asserted that the order establishing

4

trust monitoring was obtained without prior notice to him or May.  Grossman declined the request, maintaining that May had been served and arguing that keeping proceedings in Walla Walla was more cost-effective given the Bank's presence there.

On March 16, 2021, St. Hilaire was formally served by mail with a pleading and notice for hearing in the trust monitoring action.  Viewing this as the first properly served notice of the pending action, St. Hilaire, acting on May's behalf, moved on July 8, 2021, to transfer venue to Benton County.  The motion argued that RCW 11.96A.050(2) requires a court to consider the county with the strongest connection to the Trust if the motion to change venue is made "within four months of the giving of the first notice of the proceeding pertaining to the trust."  Clerk's Papers (CP) at 301.  Alternatively, it argued for discretionary transfer under RCW 11.96A.050(8), which provides that "[a]ny request to change venue that is made more than four months after the commencement of the action may be granted in the discretion of the court."  CP at 317.

In St. Hilaire's motion and supporting declaration, he argued that Benton County had the strongest connection to the Trust.  The filings cited multiple factors favoring Benton County as having the strongest connection with the Trust: (1) Denniston resided in Benton County and wished to participate in proceedings but had difficulty traveling due to trauma from his accident, (2) the Bank had a branch with trust officers in Kennewick, Benton County, and (3) the Trust owned property in Benton County for Mr. Denniston's benefit.

The Bank opposed the motion, asserting that venue in Walla Walla was proper because its trust officer overseeing the Trust, John Mathwich, was based there and no equally qualified trust officers worked in Benton County. The Bank also argued that trusts are typically monitored in the jurisdiction where the trustee resides.

After hearing oral argument, the trial court denied the motion without entering specific findings. When St. Hilaire sought clarification on whether the court found the motion untimely under RCW 11.96A.050(2), the court responded ambiguously, suggesting that findings could be made if proposed, but expressing uncertainty regarding timeliness.

Denniston petitioned this court for discretionary review, and our Commissioner granted the motion. We ultimately reversed the trial court's order and remanded for findings clarifying whether the motion to change venue was timely under RCW 11.96A.050(2) or whether discretionary transfer under RCW 11.96A.050(8) was warranted. Specifically, we explained:

> While findings are not always needed for us to review an order denying a change of venue, some findings are required for effective appellate review in this case. First, we need to know whether the trial court concluded that Mr. Denniston either filed his motion within four months of receiving the required notice or demonstrated "good cause" for waiving the four-month requirement. If so, we need findings addressing which county the court found to have the strongest connection with the Trust, applying the statutory factors.
>
> *Alternatively, if the court concluded that the four-month deadline applied and Mr. Denniston's motion was untimely, we need findings*

> *explaining how the trial court weighed the competing interests of Mr.*
> *Denniston, Mr. May, and Baker Boyer.*

CP at 288 (emphasis added).  In a footnote, we commented: "A TEDRA action ordinarily requires service of a summons, and none was included in the record on appeal.  RCW 11.96A.100.  If an issue, it can be addressed on remand."  CP at 286 n.1.

On remand, Denniston filed a motion for entry of findings, conclusions, and a proposed order reasserting his arguments in favor of changing venue.  He also submitted a new declaration from May which noted that: (1) since the court heard the original motion, the Trust purchased additional land for Denniston in Benton County, and (2) counsel for the Bank, on behalf of Mathwich, had submitted an ex parte motion to request notice in the Benton County conservatorship file for Denniston, suggesting that both Mathwich and the Bank had the ability to appear in Benton County for trust proceedings. The motion also noted that no TEDRA Summons was ever filed, mailed, or served in this matter, meaning the action was never properly commenced.

Following a hearing on the motion, the trial court again summarily denied the motion to transfer venue, concluding that venue for the Trust monitoring action was proper in Walla Walla County and indicating that it would sign proposed findings and conclusions proposed by the Bank.  Those findings consisted of the following:

> 1.1. Baker Boyer National Bank is the successor Trustee of the
> Jeremy Denniston Settlement Preservation Trust (the "Trust") appointed by
> Walla Walla County Superior Court on March 23, 2020.

1.2. The Trustees of the Jeremy Denniston Settlement Preservation Trust have maintained venue for trust monitoring purposes with the Walla Walla County Superior Court since July 13, 2018. Trust monitoring was originally filed under Walla Walla County Superior Court case number 18-4-00138-36 on behalf of Trustee OmniGuardianship Services, LLC.

1.3. A separate guardianship was originally established on behalf of Jeremy Denniston in Superior Court for Pierce County, Washington. The venue for Mr. Denniston's guardianship was then transferred to Yakima County, Washington, and then later transferred to Benton County, Washington, which is the current venue for Jeremy Denniston's guardianship/conservatorship.

1.4. The Guardian/Conservator was served copies of a Note for Motion Docket and Motion for Trust Monitoring on March 6, 2020, by mail to 3019 Duportail Street #234, Richland, Washington 99352. Mr. May alleges he did not receive the documents but they were mailed to his current address and not returned to Minnick-Hayner as undeliverable.

1.5. On February 4, 2021, Ronald St. Hilaire, counsel for the current guardian/conservatorship Nathan May, wrote a letter to the Trustee's attorney David Grossman objecting to venue and arguing he had not received the latest trust monitoring pleadings filed with the court. Mr. Grossman responded on February 9, 2021, with an apology for not having sent a courtesy copy to counsel and explaining the reasons why venue should not be changed.

1.6. Despite the guardian/conservator having knowledge of the new trust monitoring action since on or about March 6, 2020, and Mr. St. Hilaire having knowledge of the case by February 4, 2021, Mr. St. Hilaire waited until July 8, 2021 (over four months from his letter to Mr. Grossman) to bring a motion to change venue.

1.7. The guardian/conservator for Jeremy Denniston did not object to venue in Walla Walla County Superior Court, case number 18 4 00138 36, for trust monitoring, when it was originally filed by the Trustee on July 13, 2018.

1.8. The guardian/conservator for Jeremy Denniston did not object to venue in Walla Walla County Superior Court, case number 20 4 00046 36, filed on behalf of the successor Trustee on March 6, 2020, until July 8, 2021.

CP at 361-63.

The court concluded that the motion to change venue was made more than four months after his first notice about the trust monitoring proceeding, and that as a result, under RCW 11.96A.050(8), the request to change venue was a matter of the trial court's discretion. Accordingly, the court concluded that venue was proper in Walla Walla County because the Bank maintains its principal place of business there, and the Bank's trust officer in charge of the Trust maintains his office there.

Subsequently, Denniston again petitioned this court for discretionary review, arguing that the trial court had failed to follow the Court of Appeals' directive by neglecting to adequately address the competing interests involved. Our Commissioner again granted review, finding that the trial court's failure to comply with our directions on remand constituted a departure from the usual and accepted course of judicial proceedings under RAP 2.3(b)(3).

ANALYSIS

Denniston contends the trial court abused its discretion by finding that RCW 11.96A.050(2) did not apply to his motion to change venue, noting in part that the Bank never filed or served a TEDRA summons as required by RCW 11.96A.100(2), so the trust monitoring action was not properly commenced. He argues that the factors under RCW 11.96A.050(2) overwhelmingly support a change of venue. He also contends that even if the motion was untimely, the court abused its discretion under RCW 11.96A.050(8) because the evidence overwhelmingly favored a change of venue.

9

Denniston further contends that the superior court erred by completely ignoring this court's opinion in several respects. He notes that our opinion highlighted that the initiation of a TEDRA action ordinarily requires service of a summons (and that there was no summons in the record), and the GAL recommended that venue be changed to Benton County to allow Denniston to participate in financial planning but the order ignores both of these issues. He also notes that this court made it clear that the superior court needed to enter findings explaining how the trial court weighed the competing interests of Denniston, May, and the Bank, but the court failed to do so.

Conversely, the Bank contends that the motion to change venue was untimely under RCW 11.96A.050(8), having been filed more than a year after the case commenced. The Bank argues that both the guardian and his attorney had actual notice of the proceedings for over four months before the motion was filed, as evidenced by prior correspondence and court records. Additionally, the Bank asserts that Walla Walla County is the proper venue because both the original and successor trustees maintain their principal place of business there, and the Trust itself provides for monitoring in that jurisdiction. Even if the motion had been timely, the Bank argues that Walla Walla County remains the most appropriate venue due to the trustee's operations and the separation between trust monitoring and guardianship/conservatorship proceedings.

We agree with Denniston and conclude that the trial court abused its discretion by failing to comply with our prior remand instructions.

10

*1. Legal Standards*

TEDRA is a Washington statute that provides methods for resolving disputes related to trusts and estates. RCW 11.96A.010. Under TEDRA, venue for a proceeding related to the Trust in this case is "in the superior court of the county where any qualified beneficiary of the trust as defined in RCW 11.98.002 resides, the county where any trustee resides or has a place of business, or the county where any real property that is an asset of the trust is located." RCW 11.96A.050(1)(b). In this case, the trust monitoring action was filed in Walla Walla County Superior Court, as the Bank—acting as Trustee—maintains its principal place of business there.

RCW 11.96A.050(2) provides:

> A party to a proceeding pertaining to a trust may request that venue be changed. If the request is made within four months of the giving of the first notice of a proceeding pertaining to the trust, except for good cause shown, venue must be moved to the county with the strongest connection to the trust as determined by the court, considering such factors as the residence of a qualified beneficiary of the trust as defined in RCW 11.98.002, the residence or place of business of a trustee, and the location of any real property that is an asset of the trust.

If a request is made more than four months after commencement, "the action may be granted in the discretion of the court." RCW 11.96A.050(8). The trial court concluded that Denniston's motion was filed beyond the four-month period and therefore applied RCW 11.96A.050(8).

11

A trial court must adhere to appellate directives on remand and cannot ignore specific holdings. *Bank of Am., N.A. v. Owens*, 177 Wn. App. 181, 189, 311 P.3d 594 (2013). "Following a mandate for further proceedings, a trial court must comply with that mandate, and we review the trial court's compliance for an abuse of discretion." *Kruger-Willis*, 198 Wn. App. 408, 414, 393 P.3d 844 (2017). A trial court abuses its discretion when its decision is "'manifestly unreasonable, based on untenable grounds, or when untenable reasons support the decision.'" *In re Guardianship of Mesler*, 21 Wn. App. 2d 682, 701, 507 P.3d 864 (2022) (quoting *In re Guardianship of McKean*, 136 Wn. App. 906, 918, 151 P.3d 223 (2007)). A decision is "manifestly unreasonable" if it falls outside the range of acceptable choices, given the facts and law, and it is based on "untenable reasons" if it applies an incorrect standard or fails to satisfy legal requirements. *In re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997).

*2. Analysis*

In this case, the trial court failed to comply with this court's prior remand instructions. Because the trial court determined that Denniston's motion to change venue was untimely under RCW 11.96A.050(8), it was required to enter findings explaining how it weighed the interests of Denniston, May, and the Bank when exercising its discretion. However, the trial court's ruling lacks such findings. Instead, the hearing transcript reflects that the trial court summarily concluded that "the matter will remain in Walla Walla" without further discussion. Rep. of Proc. at 10.

12

The trial court's written findings fail to address the GAL's recommendation for a venue transfer, do not acknowledge Denniston's preference, and provide no rationale for weighing the competing considerations. The findings also do not reflect that the court considered the facts that Denniston resides in Benton County and that the Trust owns real property in Benton County. Furthermore, the trial court did not address concerns regarding the TEDRA summons, despite Denniston raising the issue in briefing and oral arguments. Accordingly, the trial court's decision was manifestly unreasonable because it fell outside of the range of acceptable choices and therefore an abuse of discretion.

Denniston urges this court to enter findings and order a venue transfer to Benton County, arguing that the trial court has twice failed to issue appropriate findings. The Bank does not substantively respond to this argument.

While we recognize the repeated failure of the trial court, we decline to make findings. The appellate court's function is to review lower court decisions, not to weigh evidence or substitute factual determinations. *Quinn v. Cherry Lane Auto Plaza, Inc.*, 153 Wn. App. 710, 717, 225 P.3d 266 (2009); *Bale v. Allison*, 173 Wn. App. 435, 458, 294 P.3d 789 (2013). As such, the appropriate appellate remedy for deficient findings is remand. *State v. J.C.*, 192 Wn. App. 122, 133, 366 P.3d 455 (2016).

Although appellate courts may make findings when the record consists solely of documentary evidence upon the trial court's failure to make findings to support its conclusion, *Satomi Owners Association v. Satomi, LLC*, 167 Wn.2d 781, 808, 225 P.3d

13

No. 40155-3-III
*In re Denniston Settlement Trust*

213 (2009), we decline to do so here. Given the factual complexities and the trial court's failure to meaningfully address key issues and arguments, the appropriate course is to fully reverse the trial court's decision—including its finding that the motion to change venue was untimely—and remand for a fresh determination of timeliness under RCW 11.96A.050(2), as well as a reconsideration of the ultimate venue change question.

On remand, we presume that a new judge will preside over the matter since Judge Wolfram has retired.[2] The judge overseeing this case on remand must ensure that the case and all raised legal issues are reviewed anew with fresh judicial scrutiny and proper adherence to this Court's prior directives.

We hold that the trial court abused its discretion when it denied Denniston's motion to change venue. We reverse and remand.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, A.C.J.

WE CONCUR:

_____
Fearing, J.

_____
Cooney, J.

---

[2] Judge Wolfram presided over the trial court's decisions on both the original motion to change venue and on the remand. He retired at the end of 2024.

14